## DOUTHITT v. STATE NAT. BANK OF MARLOW.

No. 3614.   Opinion Filed August 18, 1914.

(142 Pac. 1009.)

1.  **APPEAL AND ERROR**—Harmless Error—Submission of Issues—Construction of Contract.   Though, as a general rule, the construction of a written contract is a question of law for the court if from the language of the contract it is reasonably susceptible of but one construction, a judgment will not be reversed, although the construction of such contract may have been submitted to the jury as an issue of fact, if it appears that the substantial rights of the complaining party have not been prejudiced by having such issue submitted to the jury.

2.  **PARTY WALLS**—Contract—Construction.   Where two adjoining lot owners, in the construction of a party wall, enter into a contract that whenever the second party begins the erection of a building making such party wall constitute one wall of the building such second party shall pay to the first party a given sum for the use of such wall, such contract should be construed to mean that the contract sum is due whenever such party wall is used by the second party as one wall of the building attached thereto.

(Syllabus by Harrison, C.)

*Error from County Court, Stevens County;*
*W. H. Admire, Judge.*

Action by the State National Bank of Marlow against W. B. Douthitt. Judgment for plaintiff, and defendant brings error. Affirmed.

*Wilkinson & Morris,* for plaintiff in error.

*Burns & Meek,* for defendant in error.

Opinion by HARRISON, C.   W. D. Douthitt and the State National Bank owned and occupied adjoining lots in the town

of Marlow, Okla. The bank owned lot 13. Douthitt owned lot 14 of block 14 in said city. The State National Bank owned a wooden building built up close to the line between the two lots, and it seems that W. B. Douthitt owned a kind of shedroom building attached to the bank building, though situated on Douthitt's side of the line; that the bank concluded to erect a brick building and entered into a written contract with Douthitt to erect a brick wall on the line between the two lots which should constitute one wall of the new bank building, and that whenever Douthitt erected a building on his lots he should be authorized to use said wall as one side of his building. It appears that, when the bank tore away its wooden building preparatory to the erection of the new bank building, it left Douthitt's shedroom building with one side open, and that in order to put in the wall in question the roof and ends of Douthitt's shedroom building were cut back some eighteen inches to two feet in order to make room for the brick wall. After the wall was completed and the bank had completed its brick building, Douthitt extended the rafters and ends of his building into the wall so as to connect therewith and make the brick wall form one side of his building, and in so doing mortised into the brick wall so as to extend the rafters of the shedroom into such wall and attached his shedroom to such wall, papered the wall and the shedroom, cut doors in the ends of same, and used same as a real estate office. Having attached his building to such wall in this fashion, and having refused to pay the amount agreed upon, the bank brought suit for the contract price of one-half of the party wall; the same being $450. The cause was tried, resulting in a verdict and judgment in favor of the bank for the contract price, and from such judgment Douthitt appeals upon three propositions, as follows: First, where a party wall contract provides that the party of the second part shall be liable for $450 to the party of the first part when he erects or begins the erection of a building upon the lot adjacent to the wall, he would not be liable for the contract price until such contingency happens; second, if said party of the second part should make any use of the wall except that speci-

fied in the contract, he would not be liable under the contract, and, if liable in any sense, it would be only for the value of the use of the wall to him, if any; third, in a suit on a contract where the proof shows conclusively that the party of the second part had not done the acts which would render him liable under the contract, some proof of the use of the party wall contrary to the contract would not render him liable for the contract price.

Plaintiff in error cites an extended list of authorities in support of these propositions. These propositions in the abstract may be correct and the authorities cited by plaintiff in error may support such propositions. But they are not decisive in the case at bar. The contract in question provides, among other things, as follows:

"The said party of the first part, in consideration of four hundred and fifty ($450), to be paid by the said W. B. Douthitt upon the date upon which the said party of the second part, his heirs or assigns, begins the erection of any building upon said lot, or upon the date that said party of the second part sells, conveys said lot, or any interest therein, whether he, his heirs or assigns have begun the erection of any building on said lot or not. * * *"

The question, then, is whether the contract in question contemplated no other than a brick or stone building, or whether it means what it says in the first sentence of the contract, "Begins the erection of any building upon said lot."

The question as to whether the contract meant any other than a brick or stone building, or whether it meant any kind of a building, was submitted to the jury, and plaintiff in error complains that the construction of the contract was a question of law for the court to decide and should not have been submitted to the jury. Conceding for the sake of argument that this contention is true, that the construction of the contract was a question of law for the court, yet we believe that under the language of the contract but one reasonable construction could be given thereto, and that is that the contract price for the party wall became due whenever Douthitt attached a building to it and used it as one wall of his building, and that there-

fore, while the court may have been technically in error in submitting the question to the jury, yet in so doing Douthitt was given an opportunity to escape liability which he would not have had under a reasonable construction of the contract had it been construed by the court. Therefore there was no substantial error to Douthitt's prejudice.

We believe the judgment should be affirmed.

By the Court: It is so ordered.